THE MACCABEES v. MONTGOMERY

et al.

No. 25197. June 4, 1935.

Black & Black and Potterf, Gray & Poindexter, for plaintiff in error.

Sigler & Jackson, for defendants in error.

PER CURIAM. In 1922 or 1923, the defendants in error purchased, for a home, a residence property in Ardmore. The title was taken in the name of Orpha Montgomery, who assumed and agreed to pay, when due, an existing mortgage in favor of plaintiff in error. The defendants in error and their children continuously occupied this

property from the time it was acquired to the date of the trial of this proceeding.

In 1928, W. M. Montgomery, one of the defendants in error, negotiated for the purchase of 80 acres of rural land in Carter county, Okla. It appears that this tract of land was then occupied by his father and mother, who had resided thereon for 15 or 20 years; that he had been reared on this farm; that he acquired title from the holder of a tax deed; and that he paid the purchase price, but caused the title thereto to be taken in the name of his wife, Orpha Montgomery. After the acquisition of title to the farm property, a well was drilled thereon and 100 pecan trees were budded. The members of the family spent considerable time on the farm, but none of their personal effects were moved thereto.

In 1931, plaintiff in error foreclosed its mortgage on the residence property in Ardmore and obtained a deficiency judgment against defendant in error Orpha Montgomery and others. The defendants in error continued to occupy the residence property as tenants of the plaintiff in error.

In 1933, the state of Oklahoma commenced an action to condemn certain tracts of land in Carter county, Okla., including the above-mentioned rural land, and therein made the defendant in error Orpha Montgomery and the plaintiff in error parties defendant. After the appointment of commissioners, and after the appraisal of the land, the condemnation money was paid into court, without objection from either the plaintiff in error or the defendants in error. The plaintiff in error claimed such portion of the money as was sufficient in amount to satisfy its judgment against Orpha Montgomery. The defendants in error claimed the entire amount, and asserted that the farm property was purchased with the intention of making it the family homestead at an undesignated future date; and that the condemnation money would be used in the purchase of another homestead. The record further reveals that the defendants in error were listed in the Ardmore telephone directory, and that the defendant in error Orpha Montgomery participated in the Ardmore city election in July, 1932.

The trial court held that the proceeds arising from the sale of the land, through condemnation, were exempt, under the rule announced in Clay v. Brown, 161 Okla. 221, 17 P. (2d) 378. Following the announcement of our opinion in Clay v. Brown, supra, we had before us for determination

the case of Clay v. First National Bank of Ardmore, 170 Okla. 225, 39 P. (2d) 64, a companion case, and therein we reached the conclusion that the evidence before us sustained the trial court's finding that the property levied upon was not the homestead of Clay, and held that the "former adjudication that the property involved was debtor's homestead could not be made the basis of a plea of res adjudicata in suit by creditor not party or privy to former action."

The decisive question for our determination in this action is whether or not the preparation made, coupled with an express intention to occupy the land at an undesignated future date, is sufficient to impress the same with a homestead character. Intention alone is not sufficient to impress rural land with a homestead character. Occupancy, such as is required in order to impress urban property with a homestead character, is not absolutely essential; yet where the element of occupancy, either actual or constructive, is absent, then, in order to impress rural land with a homestead character, there must be a fixed intention, manifested by overt acts of preparation to actually occupy the land as a home without unreasonable delay.

The record herein discloses that at the time the rural land was acquired the defendants in error owned and occupied an urban homestead. There is no evidence of a voluntary abandonment of such home. There is no proof of unmistakable acts of preparation to occupy the rural land as a home without unreasonable delay, but, on the contrary, the proof shows in its most favorable light an intention existing in the mind of defendants in error to occupy the rural land "not right at present, but later on." (R. p. 50.) The acts of preparation were limited to the budding of pecan trees and the drilling of a water well. In our opinion, such acts of preparation are insufficient to manifest a fixed intention to actually occupy the land in question as a home without unreasonable delay.

The defendants in error assert that the judgment sought to be collected by plaintiff in error was inadmissible in evidence without first having been registered and taxed as a chose in action. A judgment is not such a chose in action as is required to be registered and taxed under the provisions of chapter 66, art. 6, O. S. 1931.

The judgment sought to be collected by plaintiff in error is against defendant in

502

error Orpha Montgomery. The record shows that the rural land was purchased by W. M. Montgomery with his own funds, but the title thereto was taken in the name of his wife. The question of whether or not a constructive trust arose is not now before us.

The judgment of the trial court is reversed and the case remanded for further proceedings consistent herewith.

The Supreme Court acknowledges the aid of Attorneys Eugene Jordan, J. R. Keaton, and W. A. Lybrand in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jordan and approved by Mr. Keaton ,and Mr. Lybrand, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.